**WILLUNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**WILLIAM STEELE,**

      **Plaintiff,**

**v.**                                                                              **Case No:**

**HUNTER WARFIELD, INC.**
**and TGM BAY ISLE, LLC**,

                                       **DEMAND FOR JURY TRIAL**

      **Defendants.**
_____/

**PLAINTIFF'S COMPLAINT**
**WITH INJUNCTIVE RELIEF SOUGHT**

      **COMES NOW**, Plaintiff, **WILLIAM STEELE** ("Mr. Steele" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendants**, HUNTER WARFIELD, INC.** ("Debt Collector") and **TGM BAY ISLE, LLC** ("Debt Owner") (collectively "Defendants"), and in support thereof states as follows:

*Introduction*

1. This action arises out of a "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55(6) and Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), by attempting to collect an illegitimate debt and calling third parties in an attempt to collect the illegitimate debt without Mr. Steele's prior permission.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Steele v. Hunter Warfield, Inc. and TGM Bay Isle, LLC*
Page 1 of 13

### *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3. Jurisdiction of this Court also arises under 15 U.S.C. § 1692k(d) and Fla. Stat. § 559.77(1).

4. Jurisdiction of this Court also arises under Fed. R. Civ. P. 4(k)(1) and Fla. Stat. § 48.193(1)(a), as Defendants operate, conduct, engage in, or carry on business or have an office or agency within the state of Florida.

5. Venue lies in this District pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

6. Plaintiff, Mr. Steele, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a(3), and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55(8).

7. At all times material hereto, Debt Collector was and is a foreign profit corporation with its principle place of business in the State of Florida and its registered agent, Stephen Sobota, located at 4620 Woodland Corporate Blvd., Tampa, FL 33614.

8. Further, at all times material hereto, Debt Collector is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55(3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55(7).

9. At all times material hereto, Debt Owner was and is a foreign limited liability company with its principle place of business in the State of New York and its

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Steele v. Hunter Warfield, Inc. and TGM Bay Isle, LLC*
Page 2 of 13

registered agent, Corporation Service Company, located 1201 Hays Street, Tallahassee FL 32301.

10. At all times material hereto, Debt Collector was performing debt collection owed to Debt Owner to satisfy Mr. Steele's alleged debt.

11. At all times material hereto, Debt Collector was acting within the scope of an employee, representative, or agent on behalf of Debt Owner for purposes of collecting Mr. Steele's alleged debt for Debt Owner.

12. As such, Debt Owner is responsible for the conduct of Debt Collector as its employee, representative, or agent.

13. Under information and belief, Debt Owner granted Debt Collector access to information and systems that normally would be within Debt Owner's exclusive control, including, but not limited to Mr. Steele's information.

14. Under information and belief, Debt Owner allowed Debt Collector to enter Mr. Steele's information into Debt Owner's sales or customer systems.

15. Under information and belief, Debt Owner gave Debt Collector authority to use the principal's trade name, trademark, or service mark.

16. Under information and belief, Debt Owner approved, wrote, or reviewed a transcript for Debt Collector to use when calling third parties in connection with the collection of the alleged debt.

17. Under information and belief, Debt Owner had actual knowledge of Debt Collector's FDCPA and FCCPA violations when calling third parties in an attempt to collect Mr. Steele's alleged debt.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Steele v. Hunter Warfield, Inc. and TGM Bay Isle, LLC*
Page 3 of 13

18. Under information and belief, via a contractual relationship between the parties, Debt Owner had control or the ability to control Debt Collector's actions in attempting to collect Mr. Steele's debt on behalf of Debt Owner.

### *Statements of Fact*

19. On or around February 12, 2016, Mr. Steele and his daughter (collectively "Tenants") signed an Apartment Lease Contract ("Lease") for property located at 11850 Martin Luther King St. N, St. Petersburg, FL 33716 ("Property"). *See* **Exhibit** "**A**."

20. At the time Tenants signed the Lease, HART Bay Isle Key LLC ("HART") owned the Property.

21. Under information and belief, HART thereafter assigned the Lease to Debt Owner near the end of the Lease.

22. The Lease states, in relevant part, "[t]his lease contract will automatically renew month-to-month unless either party gives at least 60 days' written notice of termination and intent to vacate…," and such notice to the landlord must "be delivered to the management office at the apartment community or any other address designated by management as following: 11850 Martin Luther King St. N, Petersburg [sic], FL 33716 ("Management Address")." *See* **Exhibit** "**A," ¶ 3.**

23. The Lease also states that it was due to end on April 6, 2017. *See* **Exhibit** "**A," ¶ 3.**

24. In or around January 2017, Tenants left a written notice of termination and intent to vacate ("Termination Notice 1") at the Management Address.

25. Under information and belief, HART and/or Debt Owner received Termination Notice 1.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Steele v. Hunter Warfield, Inc. and TGM Bay Isle, LLC*
Page **4** of 13

26. Tenants also left a note on the door of the Property ("Termination Notice 2") in or around February 2017 again confirming that Tenants intended to move out at the conclusion of the Lease.

27. Under information and belief, HART and/or Debt Owner received Termination Notice 2.

28. Further, Tenants wrote "leaving in two months" on the February 2017 rent check that was delivered to the Management Address.

29. Under information and belief, HART and/or Debt Owner received Tenants' February 2017 rent check with "leaving in two months" written on the same.

30. Tenants also wrote "leaving in one month" on the March 2017 rent check that was delivered to the Management Address.

31. Under information and belief, HART and/or Debt Owner received Tenants' March 2017 rent check with "leaving in one month" written on the same.

32. Accordingly, Tenants provided more than 60 days' notice of termination prior to April 6, 2017 as required by the Lease.

33. On April 1, 2017, Tenants vacated the Property pursuant to the Lease termination.

34. Debt Owner's actual knowledge that Tenants provided more than 60 days' notice of termination prior to April 6, 2017 was later reinforced when Debt Owner called Mr. Steele's daughter and accused Tenants of failing to give the required 60 days' notice.

35. During this call, Mr. Steele's daughter confirmed that she gave the required notice to terminate under the Lease pursuant to Termination Notice 1, Termination Notice 2, and her additional notice written on her February 2017 rent check and March 2017 rent check.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Steele v. Hunter Warfield, Inc. and TGM Bay Isle, LLC*
Page 5 of 13

36. Despite the Tenants giving proper notice to terminate and intent to vacate, Debt Owner continued to charge Tenants' account for the Lease in excess of the agreed-upon liquidated damages amount of $1,166.00 for alleged failure to provide the required number of days' written notice. *See* **Exhibit "A," ¶ 3.**

37. Debt Owner thereafter assigned the alleged outstanding balance owed on the Lease to Debt Collector for collection.

38. In or around August 2017, Debt Collector began placing phone calls to various individuals in connection with the collection of the alleged outstanding balance owed on the Lease.

39. In its calls, Debt Collector represented that the alleged outstanding balance owed on the Lease was $2,062.57 ("Alleged Debt").

40. Debt Collector called Tenants' family members in an attempt to collect the Alleged Debt.

41. Debt Collector called Tenants' friends in an attempt to collect the Alleged Debt.

42. Debt Collector called Mr. Steele's step daughter's in-laws in an attempt to collect the Alleged Debt.

43. Debt Collector's calls were placed from multiple phone numbers, including, but not limited to: 844-440-2806.

44. Neither of the Tenants gave either of the Defendants prior consent to communicate with any of Tenants' friends, family, or Mr. Steele's step daughter's in-laws in connection with the collection of the Alleged Debt.

45. Under information and belief, Defendant located Tenants' family members' telephone numbers through skip-tracing.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Steele v. Hunter Warfield, Inc. and TGM Bay Isle, LLC*
Page 6 of 13

46. Under information and belief, Defendant located Tenants' friends' telephone numbers through skip-tracing.

47. Under information and belief, Defendant located Mr. Steele's step-daughter's in-laws through skip-tracing.

48. Mr. Steele became increasingly anxious that the alleged Debt would affect his good credit score.

49. On August 10, 2017, Mr. Steele sent Debt Collector a letter, through his counsel, that disputed the alleged Debt and enclosed a check for the Alleged Debt, $2,062.57, to avoid credit impairment.

50. Debt Collector received the Dispute Letter and check on August 14, 2017.

### *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA")*
### *(as against Debt Collector)*

51. Mr. Steele re-alleges paragraphs 1-50 and incorporates the same herein by reference.

52. Mr. Steele is a "consumer" within the meaning of the FDCPA.

53. The subject debt is a "consumer debt" within the meaning of the FDCPA.

54. Debt Collector is a "debt collector" within the meaning of the FDCPA.

55. Debt Collector violated the FDCPA. Debt Collector's violations include, but are not limited to, the following:

    a. Debt Collector violated 15 U.S.C. § 1692c(b) by contacting the Tenants' family members and friends and Mr. Steele's step-daughter's in-laws in connection with the collection of the Alleged Debt without Tenants' prior consent.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Steele v. Hunter Warfield, Inc. and TGM Bay Isle, LLC*
Page 7 of 13

b. Debt Collector violated 15 U.S.C. § 1692e (2) by falsely representing the amount and legal status of the Alleged Debt as collectible when Debt Collector knew that the Alleged Debt was inaccurate because Tenants had given correct written notice of termination.

56. As a result of the above violations of the FDCPA, Mr. Steele has been subjected to illegal collection activities for which he has been damaged.

57. Debt Collector's actions have directly and proximately damaged Mr. Steele by invading his privacy.

58. Debt Collector's actions have directly and proximately damaged Mr. Steele by causing him embarrassment.

59. Debt Collector's actions have directly and proximately damaged Mr. Steele by causing him emotional distress.

60. Debt Collector's actions have directly and proximately damaged Mr. Steele by causing him aggravation.

61. Debt Collector's actions have directly and proximately damaged Mr. Steele by harming his reputation.

62. Debt Collector's actions have directly and proximately damaged Mr. Steele by causing him to pay $2,062.57 for a debt that he does not owe.

63. It has been necessary for Mr. Steele to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

64. All conditions precedent to this action have occurred.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Steele v. Hunter Warfield, Inc. and TGM Bay Isle, LLC*
Page **8** of 13

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

a. Awarding statutory damages as provided by 15 U.S.C. 1692k(a)(2)(A);

b. Awarding actual damages in the amount of $2,062.57;

c. Awarding costs and attorneys' fees; and

d. Any other and further relief as this Court deems equitable.

### _Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Collector)_

65. Mr. Steele re-alleges paragraphs 1-50 and incorporates the same herein by reference.

66. Debt Collector violated the FCCPA.  Debt Collector's violations include, but are not limited to, the following:

a. Debt Collector violated Fla. Stat. § 559.72(5) by disclosing information regarding the Alleged Debt to Tenants' family members and friends and Mr. Steele's step-daughter's in-laws in connection with the collection of the Alleged Debt with reason to know that such individuals did not have a legitimate business need for the information.

b. Debt Collector violated Fla. Stat. § 559.72(9) by attempting to enforce the Alleged Debt when Debt Collector knew that Alleged Debt was not legitimate because Tenants had given correct written notice of termination to Debt Owner.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
_Steele v. Hunter Warfield, Inc. and TGM Bay Isle, LLC_
Page 9 of 13

67. As a result of the above violations of the FCCPA, Mr. Steele has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

68. Debt Collector's actions have directly and proximately damaged Mr. Steele by invading his privacy.

69. Debt Collector's actions have directly and proximately damaged Mr. Steele by causing him embarrassment.

70. Debt Collector's actions have directly and proximately damaged Mr. Steele by causing him emotional distress.

71. Debt Collector's actions have directly and proximately damaged Mr. Steele by causing him aggravation.

72. Debt Collector's actions have directly and proximately damaged Mr. Steele by harming his reputation.

73. Debt Collector's actions have directly and proximately damaged Mr. Steele by causing him to pay $2,062.57 for a debt that he does not owe.

74. It has been necessary for Mr. Steele to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

75. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

    a.   Awarding statutory damages as provided by §559.77, Fla. Stat.;

    b.   Awarding actual damages in the amount of $2,062.57;

    c.   Awarding punitive damages;

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Steele v. Hunter Warfield, Inc. and TGM Bay Isle, LLC*
Page **10** of 13

  d. Awarding costs and attorneys' fees;

  e. Ordering an injunction preventing further wrongful contact by the Defendant; and

  f. Any other and further relief as this Court deems equitable.

### *Count 3: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Owner)*

76. Plaintiff re-alleges paragraphs 1-50 and incorporates the same herein by reference.

77. At all times relevant hereto, Debt Owner was vicariously liable for the actions of Debt Collector.

78. Debt Collector violated the FCCPA.  Debt Collector's violations include, but are not limited to, the following:

  a. Debt Collector violated Fla. Stat. § 559.72(5) by disclosing information regarding the Alleged Debt to Tenants' family members and friends and Mr. Steele's step-daughter's in-laws in connection with the collection of the Alleged Debt with reason to know that such individuals did not have a legitimate business need for the information.

  b. Debt Collector violated Fla. Stat. § 559.72(9) by attempting to enforce the Alleged Debt when Debt Collector knew that Alleged Debt was not legitimate because Tenants had given correct written notice of termination to Debt Owner.

79. Debt Owner also violated the FCCPA. Debt Owner's violations include, but are not limited to, the following:

*Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought*
*Steele v. Hunter Warfield, Inc. and TGM Bay Isle, LLC*
Page 11 of 13

    a.   Debt Owner violated Fla. Stat. § 559.72(9) by attempting to enforce the Alleged Debt by assigning Debt Collector to collect the Alleged Debt when Debt Owner knew that the Alleged Debt was not legitimate because Tenants had given correct written notice of termination to Debt Owner.

80. As a result of the above violations of the FCCPA, Mr. Steele has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

81. Defendants' actions have directly and proximately damaged Mr. Steele by invading his privacy.

82. Defendants' actions have directly and proximately damaged Mr. Steele by causing him embarrassment.

83. Defendants' actions have directly and proximately damaged Mr. Steele by causing him emotional distress.

84. Defendants' actions have directly and proximately damaged Mr. Steele by causing him aggravation.

85. Defendants' actions have directly and proximately damaged Mr. Steele by harming his reputation.

86. Defendants' actions have directly and proximately damaged Mr. Steele by causing him to pay $2,062.57 for a debt that he does not owe.

87. It has been necessary for Mr. Steele to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

88. All conditions precedent to this action have occurred.

*Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought*
*Steele v. Hunter Warfield, Inc. and TGM Bay Isle, LLC*
Page **12** of 13

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

    a.   Awarding statutory damages as provided by §559.77, Fla. Stat.;

    b.   Awarding actual damages in the amount of $2,062.57;

    c.   Awarding punitive damages;

    d.   Awarding costs and attorneys' fees;

    e.   Ordering an injunction preventing further wrongful contact by the Defendant; and

    f.   Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **WILLIAM STEELE**, demands a trial by jury on all issues so triable.

Respectfully submitted this **December 7, 2017**,

> */s/ Michael A. Ziegler*
> Michael A. Ziegler, Esq.
> Florida Bar No. 74864
> mike@zieglerlawoffice.com
>
> */s/  Kaelyn Steinkraus*
> Kaelyn Steinkraus, Esq.
> Florida Bar No. 125132
> kaelyn@zieglerlawoffice.com
>
> Law Office of Michael A. Ziegler, P.L.
> 13575 58th Street North, Suite 129
> Clearwater, FL 33760
> (p)  (727) 538-4188
> (f)  (727) 362-4778
> Attorneys and Trial Counsel for Plaintiff

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Steele v. Hunter Warfield, Inc. and TGM Bay Isle, LLC*
Page 13 of 13